**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BENJAMIN CZARNOTA : 
4450 Lander Road : No. _____
Chagrin Falls, Ohio 44022 : 
 : 
*Plaintiff,* : JURY TRIAL DEMANDED
v. : 
 : 
UNIVERSITY OF THE ARTS : 
320 South Broad Street : 
Philadelphia, PA 19102 : 
 : 
*Defendants.* : 
 : 

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff, Benjamin Czarnota ("Plaintiff") has initiated the instant action to recover damages for the termination of his employment in violation of Titles VI and VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1981; and other applicable federal and state law by Defendant University of the Arts ("Defendant").

### II. Parties

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3. Plaintiff is an adult individual with an address as captioned above.

4. Plaintiff's employment was involuntarily terminated by Defendant on June 21, 2019.

5. Plaintiff was an assistant professor in Defendant's theater school until his termination as set forth herein.

6. Defendant is a university located in Philadelphia, Pennsylvania offering over 30 majors in the visual and performing arts.

7. Defendant is an "employer" for purposes of Title VII of the Civil Rights Act of 1964 because it employs or employed at least fifteen (15) individuals for 20 or more weeks in the current or preceding calendar year.

8. Defendant acted through its agents, servants and employees (including but not limited to the individuals named herein, all of whom acted in the course and scope of their employment) at all times relevant herein.

### III.   Jurisdiction and Venue

9. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

10. The Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

11. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of rights conferred under Federal law.

12. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein or later added pursuant to 28 U.S.C. § 1367(a) and Rule 18 (a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

13. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant conducts business in this judicial district and because the acts and omissions giving rise to the claims set forth herein, including specifically: (i) Plaintiff's employment with Defendant; and (ii) the termination and other adverse

employment actions carried out by Defendant against Plaintiff occurred exclusively in this judicial district.

## IV. <u>Exhaustion of Administrative Remedies</u>

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. Plaintiff has exhausted the administrative remedies required for proceeding with his claims under Title VII of the Civil Rights Act of 1964 (Count One of the instant Complaint).

16. Plaintiff filed a timely written Charge of Discrimination with the Equal Employment Opportunity Commission asserting claims of racial discrimination, gender discrimination, and retaliation under Title VII on April 13, 2020 at Charge No. 530-2020-03289.

17. The Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff on the foregoing charge on September 2, 2020.

18. The instant action has been commenced within ninety (90) days of the issuance of the foregoing Dismissal and Notice of Rights.

19. Plaintiff's Title VI and section 1981 claims (Count Two and Three of the instant Complaint) do not require exhaustion of administrative remedies.

## V. <u>Statement of Pertinent Facts</u>

20. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

21. Plaintiff is Caucasian and male.

22. Plaintiff worked for Defendant as an assistant professor in its theater school until his unlawful termination as set forth herein.

23. Plaintiff served as a vocal instructor.

24. Plaintiff's contract was not renewed despite positive written recommendations from his supervisors, Director David Howey and Dean Marc Dicciani.

25. The foregoing recommendations were highly favorable, and (by way of example) described Plaintiff as possessing "unmatched skill as a vocal pedagogue," "invaluable" knowledge in his specialty, and an "unparalleled skill set." Plaintiff's student reviews were also favorable.

26. Plaintiff's employment contract was due to be renewed in the spring of 2019.

27. Plaintiff was given every indication he was on track for contract renewal until end-of-semester student reviews were made available, and one student wrote what can only be described as a racially-motivated tirade against him.

28. The aforesaid review did not take issue with Plaintiff's teaching or performance.

29. The review indicated that the student had a "good experience" with Plaintiff, but went on to assert that "I wonder if we would've made progress quicker if we hadn't had to navigate his social ignorance as a white man." The review also advised that "that learning is NEVER done for white people" [emphasis in original]. The review also suggested that more voice teachers be hired - but that Defendant should "just make sure they're not white."

30. The foregoing review led to a change in the decision to renew Plaintiff's contract.

31. At the time of Defendant's decision not to renew Plaintiff's contract, and before that time, there was substantial pressure on Defendant to hire more teachers of color.

32. The foregoing student review was openly discussed with Plaintiff in a meeting with Howey and Dicciani (*see* paragraph 24) on June 4, 2019.

33. Howey and Dicciani did not take any issue with the discriminatory review, but rather with Plaintiff's measured and positive response to it, which constituted protected activity.

34. Plaintiff was advised via email on June 14, 2019 that additional time would be needed to review "some new information received" regarding his contract renewal.

35. On June 21, 2019, Plaintiff was advised that his contract would not be renewed.

36. Plaintiff followed Defendant's internal appeal process but his appeals were denied.

37. In a July 15, 2019 letter from Carol Graney, Defendant's vice president for academic affairs, Plaintiff was advised that " . . . both Director Howey and Dean Dicciani initially recommended [Plaintiff] for reappointment . . .".

38. Graney's July 15, 2019 letter also asserted that Howey and Dicciani (both of whom were aware of the racially-motivated review and discussed it with Plaintiff) later met with Graney and " . . . concluded that the evidence did not support [his] renewal/reappointment."

39. This assertion directly contradicted the prior written recommendations of Howey and Dicciani that Plaintiff's contract be renewed.

40. Nothing changed between the initial recommendations from Howey and Dicciani and their meeting with Graney that would justify the foregoing reversal of position on their part -  other than the aforesaid racially-motivated review and their discussion of it with Plaintiff.

41. The provisions of the Respondent's Faculty Handbook relating to the criteria to be followed in the observation and evaluation of professors were also not followed in Plaintiff's case.

42. Plaintiff's contract was not renewed because of his race (Caucasian), color (white), and/or gender (male), and due to unlawful retaliation as set forth herein.

### Count One
### Title VII of the Civil Rights Act of 1964
### Racial / Gender Discrimination and Retaliation

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. Title VII of the Civil Rights Act of 1964 prohibits discrimination based on race, color or gender.

45. Plaintiff is in one or more protected classes because he is Caucasian and male.

46. Plaintiff suffered an adverse employment action in that his contract of employment was not renewed by Defendant.

47. Pursuant to established Third Circuit Court of Appeals precedent, failure to renew a contract of employment is an adverse employment action for purposes of establishing employment discrimination.  *See, e.g., Wilkerson v. New Media Technology Charter School,* 522 F.3d 315 (3d Cir. 2008).

48. Plaintiff was qualified for his position at the time Defendants failed to renew his contract, and his supervisors admitted this fact in their recommendations that his contract be renewed as set forth in paragraph 23, *supra.*

49. Plaintiff's termination occurred under circumstances giving rise to an inference of unlawful discrimination, given the existence of the aforesaid racially-motivated student review, his supervisors' discussion of it with him, their sudden reversal of position as to his contract renewal, and Defendant's failure to follow the recommendations of Plaintiff's supervisors that his contract be renewed.

50. Plaintiff also suffered unlawful retaliation as a result of protected activity - specifically, his discussion of and objections to the aforesaid racially-based review with his supervisors and his response to same.

51. Plaintiff has suffered damages as a result of Defendant's failure to renew his contract.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the *ad damnum* clause set forth *infra.*

**Count Two**
**Title VI of the Civil Rights Act of 1964**
**<u>Racial Discrimination</u>**

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. Title VI of the Civil Rights Act of 1964 provides that no person in the United States shall be excluded from or denied the benefits of any program of activity receiving federal financial assistance on the ground or race or color.

54. Defendant receives substantial federal financial assistance in the form of student financial aid, grants, and/or loans from the United States Department of Education or other federal agencies and is subject to the provisions of Title VI.

55. Defendant failed to renew Plaintiff's contract because of his race (Caucasian) and color (white) in violation of Title VI.

56.  Plaintiff has suffered damages as a result of Defendant's failure to renew his contract.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the *ad damnum* clause set forth *infra.*

**Count Three**
**42 U.S.C. § 1981**

57. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58. Defendant also engaged in intentional discrimination against Plaintiff as regards his right to make and enforce contracts as a result of his race, and thereby violated 42 U.S.C. § 1981.

59. Plaintiff has suffered damages as a result of Defendant's failure to renew his contract.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the *ad damnum* clause set forth *infra.*

***AD DAMNUM CLAUSE***

WHEREFORE, Plaintiff respectfully requests the Court to grant him the following relief:

A.    That judgment be entered against Defendant on the claims set forth herein;

B.    That Plaintiff be awarded actual damages, including front pay and back pay, as well as damages for the pain, suffering, and humiliation caused to Plaintiff by Defendant;

C.     That Plaintiff be granted reinstatement to his position;

D.     That Plaintiff be awarded punitive damages in an amount believed by the trier of fact to appropriately punish Defendant for its willful, malicious, deliberate, and outrageous conduct and to deter it from engaging in future misconduct;

E.     That Plaintiff be granted all other legal, equitable or injunctive relief he may later request, or which the Court may deem just and proper, including but not limited to the relief requested herein;

F.     That Plaintiff is to be awarded the costs and expenses of this action;

G.     That Plaintiff be awarded reasonable attorneys' fees;

H.     That Plaintiff's claims against Defendant be tried to a jury to the extent permitted by applicable law.

Respectfully submitted,

WAYNE A. ELY

BY:   /S/   Wayne A. Ely
Wayne A. Ely, Esquire
Attorney for Plaintiff
225 Lincoln Highway
Building A, Suite 150
Fairless Hills, Pennsylvania 19030
(215) 801-7979

November 30, 2020

8